

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBORAH MORRIS,

    *Plaintiff*,

v.

OFFICE OF PERSONNEL
MANAGEMENT (OPM),

    *Defendant*.

Civil Action No. 1:21-cv-01626 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1 ("Compl."), and Application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* Application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Plaintiff, a resident of Dundalk, Maryland, sues the Office of Personnel Management ("OPM"). Compl. at 1–2. She asserts that she has applied for employment with the federal government via USAJOBS.com, an extension of the OPM website, and that she was not selected for any positions. *See id*. at 4, 4A–4D. According to Plaintiff, OPM's "antiquated/outdated systems have stymied OPM's effectiveness in realizing the vision articulated in the Civil Service Reform Act of 1978 and these conditions persist today." *Id.* at 4A. More specifically, she alleges that OPM has committed negligence by failing to update their online job application mechanisms and to make them more user-friendly, *see id.* at 4, 4B–4D, and believes that this constitutes a "laissez-faire governance . . . [that] has caused Plaintiff not to have employment with the Federal Government and Workforce from the year 2017 and ongoing[,]" *id.* at 4A. She contends that OPM

1

has failed its duty to its potential workforce by neglecting to develop more advanced "institutionalized processes expected in a regulatory agency[,]" *id.* at 4D, and seeks $50 million in damages as a result of her lack of employment offers from the federal government, *see id.* at 4A; ECF No. 1–1 (Civil Cover Sheet) at 2.

For various reasons, Plaintiff has failed to state a claim upon which relief may be granted. First, under the Federal Tort Claims Act ("FTCA"), only the United States, and not federal agencies and their components (like OPM), may be sued. *See* 28 U.S.C. § 2679(a); *Goddard v. D.C. Redev. Land Agency*, 287 F.2d 343, 345–46 (D.C. Cir. 1961); *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990). Furthermore, the FTCA also waives sovereign immunity for negligent or wrongful actions committed by federal employees acting within the scope of their official duties, 28 U.S.C. § 1346(b)(1), and Plaintiff has neither identified any specific tortious acts committed by any particular employees nor otherwise specified any relevant theory of tort liability.

Second, even if Plaintiff had sued the correct defendant and the Complaint was more specific, she would still be unable to state a claim. The FTCA renders "the United States liable in accordance with applicable local tort law[,]" and Plaintiff "has not shown that if defendants were private parties [s]he would have a claim against them under District of Columbia tort law." *Weinberger v. United States*, No. 89–3483 (JHG), 1991 WL 100377, at *3 (D.D.C. May 30, 1991), *aff'd*, 957 F.2d 912 (D.C. Cir. 1992). "The violation of a federal regulation by government officials does not of itself create a cause of action under the FTCA." *Id.* (citing *Art Metal–USA, Inc. v. United States*, 753 F.2d 1151, 1157 (D.C. Cir. 1985). "Where the violations alleged are violations of the government's duties to act as a government . . . these are duties under federal law, not local tort law." *Id.* (citing *Art Metal-USA*, 753 F.2d at 1160). "The FTCA's local law requirements may not be circumvented merely by casting the alleged wrong as negligence." *Id.* (citing same).

Finally, to the extent that Plaintiff alleges that the government was negligent by failing to extend a job offer to her—a claim which she has already raised in prior litigation under different authority, *see generally* Notice of Related Case, ECF No. 3; *see also Morris v. OPM*, 20-cv-00016 (EGS), Am. Compl., ECF No. 19—that claim would fail. Under the "discretionary function exception" to the FTCA's waiver of immunity, the government cannot be liable if its employee committed an allegedly tortious act in the exercise of a discretionary function, whether or not the employee abused his or her discretion. *See* 28 U.S.C. § 2680(a); *see also Berkovitz v. United States*, 486 U.S. 531, 537 (1988). Despite Plaintiff's lack of prior success in raising these claims, *see Morris*, 20-cv-00016 (EGS) at ECF Nos. 28–29 (Order & Memorandum Opinion dismissing claims), she may not do so now under the auspices of "negligence."

The Complaint is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. An Order consistent with this Memorandum Opinion is issued separately.

DATE: July 12, 2021

CARL J. NICHOLS
United States District Judge